KAIFER et v OHIO LEATHER CO et

Ohio Appeals, 7th Dist, Mahoning Co
Decided Nov 8, 1929

James Kennedy, J. V. Murphy and Barnum & Hammond, all of Youngstown, for Kaifer, et.

Harrington, DeFord, Huxley & Smith, Youngstown, for Leather Co, et.

344

BY THE COURT:

It is not now believed that it would be profitable or necessary to enter into a detailed discussion of the facts, which are somewhat involved as disclosed by the amended petition, which consists of many pages. It is sufficient now to say that it was desired to restrain what may be termed the reorganization of this corporation in 1923, which reorganization would substantially change the character of the holdings of the various stockholders, consisting of many shares of preferred stock, to bear a certain rate of interest and a certain amount of no par stock, and this reorganization was brought about, Kaifer and his co-plaintiffs objecting to the same, and complaining that they were not notified of certain meetings that were held, and complaining also that by the reorganization they were deprived of the sum of $17.50 per share, which had accumulated as dividends upon each share of stock. A reorganization was had under favor of **Article 13, Section 2, of the Constitution of the State of Ohio**, which provides how corporations shall be formed:

"Corporations, how formed. Corporations may be formed under general laws; but all such laws may, from time to time, be altered and repealed."

Subsequent legislation consisting of **Sections 8728-1 to 8728-11 of the General Code** was enacted, and it is under favor of these sections that this reorganization was had or attempted to be had.

It is sufficient in this connection to say that after having carefully considered the issues raised, the conclusion is that the plaintiff and his co-plaintiffs owned their holdings in this corporation subject to the above constitutional provision and therefore subject to the legislation incident thereto, above Sections 8728-1 to 8728-11. Having reached that conclusion, it is again sufficient to say that the conclusion reached by the Referee is correct; that the corporation had a right to reorganize as it did, and that the stockholders objecting hold their interests subject to the constitutional provision, and the consequent right of the legislature to enact the above legislation, authorizing the reorganization of the corporation.

For the reasons given, a judgment will be entered in harmony with the finding in the report of the Referee and an entry may be prepared accordingly. If it is desired when the opinion is revised, the issues may be discussed at greater length, but it does not now seem necessary in view of the fact that all counsel on both sides are fully advised as to the facts, and the foregoing covers the controlling issue.

Pollock, Roberts and Farr, JJ. concur.